IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DONALD K. JOHNSON-BEY, :
:
    Petitioner :
:
v. : CIVIL NO. 4:CV-15-1549
:
WARDEN ODDO, : (Judge Brann)
:
    Respondent :

## **MEMORANDUM**

October 7, 2015

**Background**

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was initiated by Donald K. Johnson-Bey, an inmate confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood). Named as Respondent is USP-Allenwood Warden Oddo. The required filing fee was paid.

Petitioner states that he is presently serving a sentence imposed by the Superior Court of the District of Columbia on February 3, 2012.[1] See Doc. 1, ¶ 4.

---

[1] Johnson-Bey notes that he was arrested in the District of Columbia on July 20, 2011.

1

Johnson-Bey claims entitlement to federal habeas corpus relief on the basis that the United States Parole Commission (Parole Commission) issued him an illegal parole violator warrant on July 27, 2011 which has been lodged with the Federal Bureau of Prisons (BOP) as a detainer. See id. at ¶ 13. The Petition, which is dated July 14, 2015, alleges that the detainer is an impermissible act of Congress because it was not properly supported by an oath or affirmation. Johnson-Bey adds that the imposition of the detainer prevents him from engaging in rehabilitative programs while in prison. As relief, Petitioner requests that the detainer be withdrawn. See id. at ¶ 15.

Correspondence sent to the Petitioner from this Court was returned as undeliverable with a notation that Petitioner was no longer confined at USP-Allenwood. See Doc. 4. Upon receipt of the returned mail, this Court conducted a computerized data base search of the electronic inmate locator database maintained by the BOP and discovered that Petitioner had passed away on August 14, 2015.[2]

## **Discussion**

Habeas corpus review under § 2241 "allows a federal prisoner to challenge

---

[2] The petition in this matter was docketed on August 7, 2015.

the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). More recently, in Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), the district court reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Based upon the nature of Johnson-Bey's pending claim that an improper detainer was lodged against him, this matter is properly brought under § 2241. See Kirkpatrick v. Ohio, Civil Action No. 1:07-CV-2202, 2007 WL 4443219 *1 (M.D. Pa. Dec. 18, 2007)(Conner, J.).

In light of Petitioner's demise, the relevant inquiry is whether his pending petition for writ of habeas corpus is now moot. The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at

477.

The adjudicatory power of a federal court depends upon "the <u>continuing</u> existence of a live and acute controversy." <u>Steffel v. Thompson</u>, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." <u>Id</u>. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." <u>Rosenberg v. Meese</u>, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing <u>O'Shea v. Littleton</u>, 414 U.S. 488, 495-96 (1974)); <u>see</u> <u>also</u> <u>Gaeta v. Gerlinski</u>, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

A petition for writ of habeas corpus is moot when the petitioner has died. <u>See</u> <u>Lockhart v. McCree</u>, 476 U.S. 162, 168 n.2 (1986); <u>McMann v. Richardson</u>, 397 U.S. 759, 760 n.1 (1970); <u>McLendon v. Trigg</u>, 79 F.3d 557, 559 (7th Cir. 1996); <u>Knapp v. Baker</u>, 509 F.2d 922 (5th Cir. 1975); <u>Urioste v. Mendoza-Powers</u>, No. 1:07-cv-01164, 2008 WL 683304 (E.D. Cal. March 12, 2008).

Under the principles set forth in <u>Spencer</u>, <u>Steffel</u>, and <u>Lewis</u>, and consistent with <u>Lockhart</u>, <u>Kravitz</u>, and the other habeas cases cited in the immediately preceding paragraph, Johnson-Bey's death has caused his instant habeas corpus

4

petition to become moot since it no longer presents an existing case or controversy. Accordingly, the petition will be dismissed.

An appropriate Order will enter.

BY THE COURT:
s/ Matthew W. Brann
Matthew W. Brann
United States District Judge